**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1685
_____

KENNETH IFUEKO OGHAGBON,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-414-253)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2016
Before: CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 24, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Kenneth Ifueko Oghagbon petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

I.

Oghagbon, a citizen of Nigeria, entered the United States in 2014. The Department of Homeland Security subsequently charged him with being removable for (1) not possessing valid entry documents when he applied for admission, see 8 U.S.C. § 1182(a)(7)(A)(i)(I), and (2) seeking to procure a visa or admission into the United States by fraud or willful misrepresentation of a material fact, see 8 U.S.C. § 1182(a)(6)(C)(i). Oghagbon, through counsel, conceded those charges and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of the application, Oghagbon claimed that he feared harm at the hands of a political party in Nigeria and two other groups in that country.

After holding a merits hearing, the Immigration Judge ("IJ") denied Oghagbon's application. With respect to the asylum claim, the IJ determined that Oghagbon was not credible, citing his "history of fraud, egregious fabrications and numerous inconsistencies." (A.R. at 706.) The IJ further determined that, even if Oghagbon were credible, his asylum claim would still fail because he had not met his burden of proof. The IJ went on to explain that, because Oghagbon's asylum claim failed, his withholding of removal claim necessarily failed, too. Lastly, the IJ denied Oghagbon's CAT claim,

2

concluding that the record "does not support a finding that [it] is more likely than not [Oghagbon] would be tortured if returned to Nigeria." (Id. at 719.)

Oghagbon subsequently filed a pro se appeal with the BIA. While the appeal was pending, he moved the BIA to reopen, reconsider, and remand, claiming that he is bisexual and that his former counsel had failed to raise that issue before the IJ. In March 2015, the BIA dismissed the appeal, treated Oghagbon's motions as motions to remand, and denied those motions. In doing so, the BIA agreed with the bases on which the IJ had rejected Oghagbon's application. As for the motions to remand, the BIA concluded that (1) Oghagbon had not substantially complied with the requirements set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), for alleging ineffective assistance of counsel, and (2) because "ineffective assistance of counsel is not apparent on the face of the record, [Oghagbon] has not shown that he suffered prejudice as a result of prior counsel's handling of his case." (A.R. at 7.)

Oghagbon now petitions for review of the BIA's decision.[1]

## II.

We begin our analysis by outlining the scope of our review. As we have previously explained, "[a]n issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.,

---

[1] We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a)(1).

3

26 F.3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted); see, e.g., Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012) (applying waiver in immigration context). We agree with the Government that Oghagbon's barebones informal brief fails to raise the dispositive issues in this case. However, around the time that Oghagbon submitted that filing (and before the Government filed its response brief), he also submitted several additional filings with the word "brief" in the title. In light of our obligation to construe a pro se litigant's filings liberally, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), we treat those additional filings as supplements to Oghagbon's informal brief. Having reviewed those filings, we conclude that Oghagbon has preserved a challenge to the denial of his asylum claim, his withholding of removal claim, and his motions to remand. As for the denial of his CAT claim, his filings have not preserved that issue and we deem it waived.

We now turn to the merits of the preserved issues.

### III.

We review the agency's factual findings, which include its adverse credibility determination, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). Under this deferential standard of review, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We review the BIA's denial of motions to remand for abuse of discretion. See Huang v. Att'y Gen., 620 F.3d 372, 390 (3d Cir.

4

2010).[2] In considering the issues before us, we are confined to the administrative record. See 8 U.S.C. § 1252(b)(4)(A).[3]

In evaluating Oghagbon's asylum claim, the IJ found that Oghagbon lacked credibility. The IJ based this finding on a totality of the circumstances, which included the following: (1) the fact that Oghagbon had been convicted of identity fraud in the United Kingdom and visa fraud in the United States; (2) evidence that "strongly suggest[ed]" that Oghagbon had submitted a doctored Nigerian newspaper in support of his application, (A.R. at 709); (3) multiple discrepancies amongst Oghagbon's hearing testimony, his written statement in support of his application, and other record evidence. In upholding the adverse credibility determination on appeal, the BIA essentially echoed the IJ's analysis. Although Oghagbon appears to contest some of the factual findings undergirding the adverse credibility determination, he has not demonstrated that the record compels disturbing any of those findings, let alone the adverse credibility determination itself.

Given that the adverse credibility determination was an independent and sufficient basis to deny Oghagbon's asylum claim, see Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc), we need not address the agency's separate finding that he fell short of

---

[2] Even if the BIA had construed Oghagbon's motions as requests to reopen and/or reconsider, we would still review this part of the BIA's decision for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

[3] To the extent that Oghagbon moves to supplement the administrative record with extra-record evidence, that motion is denied.

meeting his burden of proof for asylum relief. Furthermore, because Oghagbon's asylum claim failed, the agency correctly concluded that his withholding of removal claim necessarily failed, too. See Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004).

All that remains is the BIA's denial of Oghagbon's motions to remand, which were based on his allegation that his former counsel had failed to raise a claim based on Oghagbon's sexual orientation. As noted above, the BIA found that Oghagbon did not comply with Lozada's procedural requirements for raising an ineffectiveness of counsel claim. Per Lozada, an alien must

> (1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond . . . ; and (3) state "whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation, and if not, why not."

Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (quoting Lozada, 19 I. & N. Dec. at 639).

Although we have "warned of the 'inherent dangers . . . in applying a strict, formulaic interpretation of *Lozada*,'" Rranci v. Att'y Gen., 540 F.3d 165, 173 (3d Cir. 2008) (quoting Lu v. Ashcroft, 259 F.3d 127, 133 (3d Cir. 2001)), Oghagbon did not even *substantially* comply here, for there is no record evidence that he attempted to inform his prior counsel of his ineffectiveness claim or to give her an opportunity to respond. Furthermore, Oghagbon has failed to establish that the BIA erred in concluding that "ineffective assistance of prior counsel is not apparent on the face of the record."

6

(A.R. at 7.)  Accordingly, we cannot conclude that the BIA abused its discretion in denying the motions to remand.

In light of the above, we will deny Oghagbon's petition for review.  His request for oral argument is denied, as are his requests that we reopen his removal proceedings and place all of the parties' filings in this case "under correction."  To the extent that Oghagbon seeks any other relief from this Court, that relief is denied, too.